(C.D. 3523)

G. E. POSEY CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided July 24, 1968)

*Stein & Shostak* (*Marjorie M. Shostak* and *S. Richard Shostak* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General (*Dominick M. Minerva* and *Andrew P. Vance*, trial attorneys), for the defendant.

RICHARDSON, Judge: The merchandise of this protest described on the invoice as Naranjilla Pulp with sugar and entered as sweetened Naranjilla juice, was exported from Costa Rica, and classified in liquidation as concentrated citrus fruit juice under 19 U.S.C.A., section 1001, paragraph 806(b) (paragraph 806(b), Tariff Act of 1930) and assessed for duty at the rate of 70 cents per gallon on the quantity of unconcentrated fruit juice contained in the concentrated fruit juice as shown by chemical analysis. It is claimed by the plaintiff that the merchandise is dutiable under the provisions of 19 U.S.C.A., section 1001, paragraph 752 (paragraph 752, Tariff Act of 1930) as modified, at the rate of 15 per centum ad valorem, or alternatively, as entered under the provisions of 19 U.S.C.A., section 1001, paragraph 806(a) (paragraph 806(a), Tariff Act of 1930) at the rate of 70 cents per gallon on the quantity of fruit juice imported, or alternatively, that the conversion rate of 3.25 percent used by the collector to determine the unconcentrated fruit juice content for assessment of duty under paragraph 806(b) is arbitrary and inaccurate.

Upon the trial of the case plaintiff adduced the testimony of Gregory E. Posey, a customs broker at the port of entry, and documentary evidence. Defendant adduced the testimony of William F. Burns, Jr., supervising customs examiner, who during 1963, was an examiner at the port of entry, Joseph A. Vernaci, Jr., a chemist in the employ of the United States Customs Laboratory in New Orleans, La., and documentary evidence.

The gist of Mr. Posey's testimony is that he became familiar with the Naranjilla fruit when he lived in Ecuador in 1942 and with the imported merchandise by reason of having purchased a case of the involved merchandise from the importer. According to Mr. Posey, the Naranjilla plant is a combination bush and vine which does not grow to any particular height, has a large leaf and produces a fruit which is about 3 inches in diameter—about the size of a tangerine— that the fruit is not as orange as a tangerine and has a sort of greenish cast with fine hair over it, that when the fruit is cut open it discloses a pulpy stem from the center around which four sections are formed by membranes, that between the membranes is something which looks like tomato seeds with a pulpy material surrounding it but which is not pulp as such, and that the fruit, while not solid, is not a fluid, flowing juice, and is more like a soft gelatin.

Through Mr. Posey a can of the imported merchandise was received in evidence as plaintiff's exhibit 1. The label indicates the contents to consist of, "Pasteurized Naranjilla. Pulp and Juice. Sugar added." The invoice states the proportions of these ingredients to be

"Sugar 30%, Solids 9.8%, Juice 60.2%." And serving instructions on the label of the can indicate that 2 parts of water should be added to the contents of the can. Mr. Posey testified that the contents of the can are not as thick as the contents of the fruit when cut open; and he attributes this fact to a dilution of the fruit or juice before it is placed in the can, although he admits that he never squeezed a Costa Rican Naranjilla, among other things.

Literature introduced into evidence as plaintiff's exhibits 2 and 3 in the form, respectively, of a pamphlet issued by the Rare Fruit Council of South Florida, Inc., and a reprint from Proceedings of the Florida State Horticultural Society, indicates, among other things, that a palatable, delicious, dark green juice can be extracted from the natural fruit by squeezing the fruit.

Mr. Burns testified that he sent a can of the imported merchandise to the customs laboratory for the purpose of ascertaining the degree of concentration of the juice for classification purposes, and that in doing so he was influenced by the fact that instructions on the label recommended the addition of 3 parts of water to the contents of the can.

Mr. Vernaci testified, among other things, that he performed tests on the sample and found that the sample showed a high brix value which indicated that there was some concentration, that the brix value of the sample was 36.8 as against a normal brix value of 10.5, that the report of this testing was based upon the average for citrus fruits rather than for Naranjilla, that he made no determination as to whether there was "added material" in the sample and made no correction for sucrose value, that the addition of sugar would create a variance in the brix value, that if there were more sugar in the material the brix would include it, and that the Naranjilla did not belong to the citrus family, but belonged to a different botanical species.

In its brief plaintiff expressly abandoned its primary claim for classification of the merchandise under paragraph 752. And defendant sought and obtained the court's permission to be excused from filing a brief in this case. In the request, counsel for defendant made the following statement:

Defendant concedes that the naranjilla fruit from which the subject merchandise was produced, is not a member of the family of citrus fruits, within the meaning of paragraph 806(b), Tariff Act of 1930, which provides for concentrated citrus fruit juices. Defendant therefore concurs in the plaintiff's claim that the subject merchandise is properly classifiable under paragraph 806(a) of said Act, as other fruit juices, and assessable at the rate of seventy cents per gallon.

In view of the concessions made by the defendant herein as aforestated, and the evidence as outlined above which supports said concession and the claim made for classification of the involved mer-

chandise under paragraph 806(a), we hold that plaintiff's claim for classification of the instant merchandise as "other fruit juices, not specially provided for" under paragraph 806(a) of the Tariff Act of 1930 is sustained.

Judgment will be entered accordingly.